

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: REX M BURLISON | **Case Number: 2022-CC00361** | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner: KELLIN JUSTICE vs. | Plaintiff's/Petitioner's Attorney/Address LARRY FIELDS ST. LOUIS UNION STATION 415 SOUTH 18TH STREET SAINT LOUIS, MO 63103-2269 | Special Process Server 2 / Special Process Server 3 |
| Defendant/Respondent: SOUTHWEST AIRLINES COMPANY | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | | |

## Summons in Civil Case

**The State of Missouri to: SOUTHWEST AIRLINES COMPANY**
**Alias:**

**PRENTICE-HALL CORP SYSTEM**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**COLE COUNTY, MO**

***COURT SEAL OF***

***CITY OF ST LOUIS***

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**February 19, 2020** — Date

[signature] — Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with ______________________, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: ______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________ (County/City of St. Louis), MO, on ______________ (date) at __________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $________ |
| Non Est | $________ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $________ (______ miles @ $.______ per mile) |
| **Total** | $________ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



Exhibit A

2022-CC00361

Electronically Filed - City of St. Louis - February 18, 2020 - 04:42 PM

**STATE OF MISSOURI**
**22ND DIVISION IN THE CIRCUIT COURT**
**OF ST. LOUIS CITY**

| | |
|---|---|
| KELLIE JUSTICE | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST AIRLINES CO. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Serve: Prentice-Hall Corp System | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO. 65101 | ) |

## PETITION

COMES NOW Plaintiff, by and through undersigned counsel, and for her Petition states the following to the Court.

## PARTIES

**1.** Plaintiff is a Missouri resident and former employee of the Defendants at the St. Louis Airport.

2. Defendant is a Texas Corporation licensed to do business in the State of Missouri.

## JURISDICTION

The allegations contained within all aforementioned paragraphs are incorporated as if fully set forth herein.



Exhibit A

Electronically Filed - City of St. Louis - February 18, 2020 - 04:42 PM

3. Jurisdiction and venue are proper in St. Louis City, Missouri, pursuant to §508.010 and §213.111.1. Plaintiff received a Notice of Right to Sue letter from the Missouri Commission on Human Rights (hereinafter sometimes referred to as the "MCHR") on or about November 28 2019. (Attached as "Plaintiffs Exhibit 1" and is hereby incorporated as if fully set herein.

**ADMINISTRATIVE PROCEDURES**

4. The allegations contained within all aforementioned paragraphs are hereby re-alleged and incorporated as if fully set forth herein.

5. Plaintiff timely filed with the MCHR and the Equal Employment Opportunity Commission.

6. The MCHR issued Plaintiff her Right to Sue letter on June 20, 2017 and Plaintiff files this action within 90 days or her Right to Sue letter and within two years of the underlining discrimination.

7. The aforesaid Charge provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the full sweep of this judicial complaint may be, and is, as broad as the scope of an MCHR or EEOC investigation that could reasonably be expected to have grown out of the charges of discrimination.

8. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the initiation of this action, and the petition was filed within the applicable statute of limitation.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. The allegations contained within all aforementioned paragraphs are hereby re-alleged and incorporated as if fully set forth herein.

10. Plaintiff was employed by Defendant on

11. Plaintiffs' performance was beyond competent.

Electronically Filed - City of St. Louis - February 18, 2020 - 04:42 PM

12. Plaintiffs' received satisfactory evaluations.

13. Plaintiff on or about February 19, 2018 was injured while performing her duties at work while furthering the Defendants interest.

14. Plaintiff while assisting a Southwest Airline Customer lifted a bag, slipped and fell and severely injured her knee requiring surgery.

15. After the surgery Plaintiff filed a workers compensation claim.

16. Plaintiff was prohibited from working until May 13, 2019.

17. Plaintiff sought a chair to perform her job, commonly referred to as a reasonable accommodation.

18. The accommodation sought would not posed a hardship for the Defendant.

19. Immediately upon Plaintiffs return to work Defendant terminated Plaintiff.

20. Defendant cited an alleged event that occurred in June of 2017 as the rationale for the May 13, 2019 termination.

21. Plaintiff was terminated the exact day she returned to work after filing a workers compensation claim.

22. Plaintiff believes that she was terminated because she elected to assert her legal right to file a workers compensation claim.

23. White employees are granted the opportunity to exercise the right to workers compensation without consequences or termination.

24. Male employees are granted the opportunity to exercise the right to workers compensation benefits without consequences or termination.

25. Plaintiff has suffered financial losses as a result of the Defendants retaliation.

Electronically Filed - City of St. Louis - February 18, 2020 - 04:42 PM

26. Plaintiff has suffered financial losses as a result of the Defendants illegal racial discrimination.

27. Plaintiff has suffered financial losses as a result of the Defendants sexual discrimination.

28. Plaintiff has suffered loss of health care benefits as a result of Defendants illegal discrimination.

29. Plaintiff has suffered loss of health care benefits as a result of Defendants illegal retaliation.

30 Plaintiff has suffered garden-variety emotional distress as a direct result of the discrimination suffered from Defendant.

31. Plaintiff has suffered garden-variety emotional distress as a direct result of the retaliation suffered from Defendant.

32. Plaintiff is an African American Female.

33. Defendant perceived that Plaintiff was disabled.

34. Defendant illegally terminated Plaintiff.

Electronically Filed - City of St. Louis - February 18, 2020 - 04:42 PM

**COUNT I**
**RACE DISCRIMINATION**
***Violation Under RSMo.* 213.010 *et. seq.***

35. The allegations contained within all aforementioned paragraphs are hereby re alleged and incorporated as if fully set forth herein.

36. Plaintiff is an African American Female.

37. Plaintiff while performing her duties competently was injured.

38. Plaintiff required treatment and time off after the injury.

39. Defendant terminated Plaintiff for requiring time off to treat her injury.

40. Plaintiff exercised her rights under the Workers Compensation Act.

41. Defendant terminated Plaintiff for doing so.

42. Other similarly situated white employees have exercised their rights under the Workers Compensation Act and were not terminated.

43. Defendants feigned out rage over a job related event that occurred in June of 2017 its subterfuge and not the actual basis of my termination.

44. Defendant prohibited an African American Female from exercising her rights under worker compensation due to Plaintiffs' race.

45. Plaintiff has suffered financial loss as a result of Defendants actions.

46. The Missouri Human Rights Act warrants the award of attorney fees.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages-compensatory, nominal, and/or punitive-in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Electronically Filed - City of St. Louis - February 18, 2020 - 04:42 PM

**COUNT II**
**SEX DISCRIMINATION**
***Violation under RSMo. 213.010 et seq.***

47. The allegations contained within all aforementioned paragraphs are hereby re-alleged and incorporated as if fully set forth herein.

48. Plaintiff is an African American Female.

49. Plaintiff while performing her duties competently was injured.

50. Plaintiff required treatment and time off after the injury.

51. Defendant terminated Plaintiff for requiring time off to treat her injury.

52. Plaintiff exercised her rights under the Workers Compensation Act.

53. Defendant terminated Plaintiff for doing so.

54. Other similarly situated male employees have exercised their rights under the Workers Compensation Act and were not terminated.

55. Defendants feigned out rage over a job related event that occurred in June of 2017 its subterfuge and not the actual basis of my termination.

56. Defendant prohibited an African American Female from exercising her rights under worker compensation due to Plaintiffs' race.

57. Plaintiff has suffered financial loss as a result of Defendants actions.

58. The Missouri Human Rights Act warrants the award of attorney fees.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages-compensatory, nominal, and/or punitive-in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Electronically Filed - City of St. Louis - February 18, 2020 - 04:42 PM

**COUNT III**
**RETALIATION**
***Violation under RSMo. 213.010 et seq.***

59. The allegations contained within all aforementioned paragraphs are hereby re alleged and incorporated as if fully set forth herein.

60. Plaintiff is an African American Female.

61. Plaintiff while performing her duties competently was injured.

62. Plaintiff required treatment and time off after the injury.

63. Defendant terminated Plaintiff for requiring time off to treat her injury.

64. Plaintiff exercised her rights under the Workers Compensation Act.

65. Defendant terminated Plaintiff for doing so.

66. Other similarly situated white employees have exercised their rights under the Workers Compensation Act and were not terminated.

67. Defendants feigned out rage over a job related event that occurred in June of 2017 its subterfuge and not the actual basis of my termination.

68. Defendant prohibited an African American Female from exercising her rights under worker compensation due to Plaintiffs' race.

69. Plaintiff has suffered financial loss as a result of Defendants actions.

70. The Missouri Human Rights Act warrants the award of attorney fees.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages-compensatory, nominal, and/or punitive-in such an amount in excess of $25,000.00 as is deemed

Electronically Filed - City of St. Louis - February 18, 2020 - 04:42 PM

fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

/s/ Larry S. Fields
Fields and Associates LLC.
401 S. 18th Street
Suite 425
St. Louis, MO. 63103
314-241-3535
314-2413536
LSF19@msn.com




FIELDS AND ASSOCIATES LLC
ATTORNEYS AT LAW
GRAND CENTRAL BUILDING
415 SOUTH 18TH STREET
SUITE 101
ST. LOUIS, MISSOURI 63103




1099



65101

U.S. POSTAGE PAID
FCM LETTER
SAINT LOUIS, MO
63105
FEB 26, 20
AMOUNT
**$7.10**
R2304N117065-33

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**



7019 2970 0000 7769 8101

Prentice Hall Corp System
221 Bolivar Street
Jefferson City, MO. 65101

1st NOTICE ______________
2nd NOTICE ______________
RETURNED ______________

Exhibit A